IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * * | |
| v. | * * | 1:19-CR-00230-ELR-LTW |
| BENNY DeSHAZER, | * * | |
| Defendant. | * * | |

_____

**O R D E R**

_____

This matter is before the Court for consideration of Magistrate Judge Linda T. Walker's Report and Recommendation ("R&R") [Doc. 68] that Defendant's Motions to Suppress Statements [Docs. 15 and 16] be denied.  In the time period allotted for the parties to object to the R&R, Defendant, by and through counsel, filed objections [Doc 70].  For the following reasons, the Court **ADOPTS** the R&R and **OVERRULES** Defendant's objections.

**I. Standard of Review**

The district court reviewing an R&R "shall make a *de novo* determination of those portions of the report or specified proposed finings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  If neither party objects, the district judge need only review the R&R for clear error and "may accept, reject, or modify,

in whole or in part, the findings or recommendations made by the magistrate judge." Id.  A party objecting to an R&R "must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted.).  If there are no specific objections made to factual findings made by the magistrate judge, there is no requirement that those findings be reviewed de novo. Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993).  Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1)(C), and may accept the recommendation if it is not clearly erroneous or contrary to the law. Fed. R. Crim. P. 59. In accordance with 28 U.S.C. § 636(b)(1)(C), and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendant objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

**II. Discussion**

Defendant's objections to the R&R are based on the Magistrate Judge's findings that: (1) he did not subjectively believe that his responses to Special Agent Bigham's questions during the November 2018 interview were compelled and that he

2

would lose his benefits if he failed to answer; (2) there was no objective evidence that Defendant was prohibited from exercising his right to remain silent; (3) the totality of the circumstances fails to support that the statements made during the November 2018 interview were involuntary; and that (4) the statements made by him during the June 2019 interview were tainted by the illegal nature of the November 2018 interview.

### III. Conclusion

After conducting a *de novo* review of those portions of the R&R to which Defendant objects, and reviewing the remainder of the R&R for plain error, this Court finds that the Magistrate Judge's factual and legal conclusions are correct. Accordingly, the Court **OVERRULES** Defendant's Objections and **ADOPTS** the R&R as the Opinion and Order of this Court and **DENIES** Defendant's Motions to Suppress Statements [Docs. 15 and 16].

Defendant is **directed to announce** within twenty-one (21) days of this Order, whether he intends to enter a plea or wishes to proceed to trial in this case.[1]

**SO ORDERED**, this 11th day of August, 2021.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia

---

[1] This twenty-one (21) day allowance supersedes the date previously given in the Court's Minute Order, dated July 26, 2021.